# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CLARENCE DEAN ALFORD,<br><br>　　　　　　Defendant, | Civil Action File No.<br>1:20-cv-03164-TWT |

## CONSENT MOTION TO PRESERVE SALE PROCEEDS AND DEPOSIT THEM IN THE COURT'S REGISTRY

Plaintiff, Securities and Exchange Commission, with the consent of Defendant Clarence Dean Alford ("Defendant"), hereby moves the Court to enter an Order preserving any net sales proceeds derived from the development and sale of a residence (under construction) jointly owned by Defendant and his wife, Debra Dlugolenski ("Dlugolenski"). Plaintiff has alleged, and for purposes of Plaintiff's disgorgement claim, Defendant has admitted, that proceeds from investors solicited by Defendant were used on construction of the residence. Plaintiff requests that the Court order any net sales proceeds from such residence to be paid into the registry of this Court and deposited into the Court Registry Investment System (CRIS), pending further order of

the Court. Dlugolenski, who denies knowledge of any of Defendant's improper use of funds at the time it occurred, consents to the motion.

In support of this motion, Plaintiff alleges as follows:

1. Plaintiff's complaint alleges that Defendant raised fraudulently at least $23 million, ostensibly for various projects of Allied Energy Services, LLC. (Dckt 1, para. 1). Plaintiff also alleges that, contrary to his representations to investors, Defendant diverted various sums to other purposes, including at least $1,175,340 to fund construction of a residence in Utah. (Dckt 1, para 45-48). For purposes of Plaintiff's disgorgement claim, these allegations are deemed admitted by Defendant. (Dckt 4-1, para 3).

2. The Utah residence (address 6726 North Twilight Star Circle, Heber City, Utah 84032) is currently under construction, and, until recently, was subject to a Lis Pendens and foreclosure action filed by contractors who performed services in connection with such residence.

3. On or about September 23, 2020, Defendant and Dlugolenski settled the litigation concerning the Utah residence. As part of that settlement, Defendant and Dluglenski, *inter alia*, conveyed, assigned, and transferred all of their rights, title and interest in the Utah residence to the primary contractor who performed work on the Residence. In exchange, *inter alia,* in the event that the contractor parties subsequently sell the Utah residence to a third party buyer for a profit, the contractor parties shall

distribute 50% of the profit[1] to Dlugolenski and Defendant as they instruct in writing at the sale of the Utah residence.

4. Defendant and Dlugolenski are currently in divorce proceedings. Dlugolenski has contributed funds to the house construction independent of the investor funds used by Defendant ("Dlugolenski funds"). Defendant and Dlugolenski previously agreed in an early Temporary Consent Order in the divorce action that they would divide any proceeds of the Sale of the Utah house evenly and by entering this consent they agree and acknowledge that the funds will be used, instead, to be paid into the registry of this Court.

5. To preserve Defendant's and Dlugolenski's portion of the profits, Plaintiff requests that the Court direct that any such profits be paid into the registry of the Court and deposited in the CRIS, for ultimate disposition pursuant to Order of the Court.

6. Dlugolenski consents to this motion. In consenting to this Motion, she does not waive the right to seek, among other things, a portion of the disposition not exceeding the proportion of funds invested in the residence which were provided by her independent of funds from the investments at issue in this case.

---

[1] Under the terms of the settlement agreement, "profit" is defined as the contracted purchase price less the payments actually made in order to obtain releases or satisfaction of all liens, subcontractors, materials, suppliers, trustee fees, recording fees, escrow fees, attorney fees, insurance, commissions, contractor fees under the construction agreement, and any other cost to close the sale of the Utah residence to the third party.

WHEREFORE Plaintiff, with the consent of Defendant and co-owner Dlugolenski, requests that the Court enter an Order directing that any profit payable to Defendant and Dlugolenski from the sale of the residence be paid into the registry of this Court, pending further direction of the Court as to their disposition.

DATED: this 12th day of November, 2020

                              Respectfully submitted,

                              /s/William P. Hicks
                              William P. Hicks
                              Senior Trial Counsel
                              Georgia Bar No. 351649
                              hicksw@sec.gov

                              M. Graham Loomis
                              Regional Trial Counsel
                              Georgia Bar No. 457868
                              loomism@sec.gov

United States Securities & Exchange Commission
950 E. Paces Ferry Road NE, Suite 900
Atlanta, GA 30326
404-842-7600


Consents to Motion


/s/Walter Jospin by MGL with express permission
Walter Jospin Esq.
Counsel for Defendant

## **CERTIFICATION OF COMPLIANCE**

      This is to certify that the foregoing was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1 (B).

                                                  <u>/s/ William P. Hicks</u>
                                                  William P. Hicks

## CERTIFICATE OF SERVICE

      I hereby certify that I have this 13th day of November, 2020, served a true and correct copy of the foregoing document by filing it with the Clerk of Court using the CM/ECF system and have also served counsel for Dlugolenski by UPS overnight-mail and email at the following addresses.

Kevin Ward
Ida Sassani
SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street NW, Suite 2700
Atlanta, Georgia 30303
i.sassani@swtwlaw.com |
 k.ward@swtwlaw.com

                                            /s/ William P. Hicks
                                            William P. Hicks