FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

DEC - 8 2020

JAMES N. HATTEN, Clerk
By: J. Motz  Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 AND RELATED CORONAVIRUS | GENERAL ORDER 20-01 Ninth Amendment |

## ORDER

General Order 20-01, dated March 16, 2020, as amended by orders dated March 30, 2020; April 30, 2020; May 26, 2020; July 1, 2020; July 10, 2020; August 3, 2020; September 1, 2020; and September 28, 2020, addresses Court operations for the United States District Court for the Northern District of Georgia under the exigent circumstances created by the coronavirus pandemic and the spread of COVID-19. The Eighth Amendment to General Order 20-01, entered September 28, 2020, extended the time periods specified in the Order through and including January 3, 2021.

In what has become an unfortunately recurring exercise, the Court again considers whether national, state, and local COVID-19 conditions have sufficiently improved to permit the safe resumption of federal jury trials within the Northern District's courthouses. Once again, the news is not good. Data from the Centers for Disease Control and Prevention indicate that in both the number of new cases of infection being reported daily and the seven-day moving average of reported new cases, the United States is at its highest level since the pandemic was declared. While faring better than many states, the infection rates in Georgia regrettably reflect the national upward trend. For December 4, Georgia experienced its highest single day of reported cases with 6,376 cases. While lower than the

December 4 numbers, over 5,000 cases were reported for December 5. Georgia's seven-day average currently exceeds 4,500 cases per day. These numbers are significantly higher than those that existed when the Court issued its Eighth Amendment to General Order 20-01 and are far in excess of those that existed when the Court entered its original order in March. The White House Corona Virus Task Force labels Georgia in the red zone based on its current infection rate, although Georgia's rate is lower than the rate in many parts of the country. The Task Force lists Georgia in the Orange Zone for COVID-19 test positivity. Sixty-two percent of all counties in Georgia are identified as having moderate to high levels of community transmission with 21% having high levels. The Georgia Department of Public Health identifies 92 counties in Georgia with positivity rates between 5 and 10% and 57 counties with rates greater than 10%.

Conditions at the District level are not more favorable. Nine of the top ten counties in Georgia for the greatest number of new cases are within the Northern District. Three Northern District counties account for over 24% of the new cases in Georgia.

While there is promising news on the development and distribution of a COVID-19 vaccine, no schedule has yet been published for the implementation of widespread vaccinations within the state and it could be several weeks before vaccines are available to the general public.

As noted in previous Orders, there has been no change to the President's declaration of a national emergency under the National Emergencies Act (50 U.S.C. § 1601 et seq.) due to COVID-19 or to the findings of the Judicial Conference of the United States that

emergency conditions due to this national emergency have materially affected and will materially affect the functioning of the federal courts generally.

Within the Northern District, the emergency conditions noted in the Court's Eighth Amendment continue to impede counsel's preparation for trial. Capabilities provided by technology have been invaluable during the pandemic but cannot offset the significant impediments currently confronted by counsel in this District. Other aspects of case preparation continue to be impacted. Witness travel continues to be problematic due to quarantine regulations in effect in many states.

As stated in our previous Amendments, the Court has suspended jury trials in the hope that COVID-19 could be contained, and its threat eliminated. Despite months of intense preventative measures, however, the significant threat presented by COVID-19 within the United States and in Georgia continues. Given the seriousness of the current conditions at the national, state, and district level, and the unknown impact of the imminent holiday gatherings on local conditions, it is the conclusion of the Court that a further extension of the suspension of jury trials is required to allow conditions within the District to sufficiently improve so that counsel can adequately prepare for trial and the health and safety of the public, those appearing before the Court, and the Court itself, can be adequately safeguarded. An extension of the suspension of jury trials also will facilitate the further coordination of health and safety procedures that will be required when jury trials resume.

Therefore, **IT IS HEREBY ORDERED** that General Order 20-01, as amended, is <u>further amended</u> to extend the time periods specified therein through and including the date of February 28, 2021.

**IT IS FURTHER ORDERED** that while there will be no civil or criminal jury trials in any division of the Northern District of Georgia until after February 28, 2021, grand jurors may continue to be summoned and grand jury proceedings may continue to be held; and summonses may be issued to prospective jurors for civil and criminal jury trials scheduled to begin after February 28, 2021.

**IT IS FURTHER ORDERED** that the time period of any continuance entered as a result of this Order (whether that continuance causes a pre-indictment delay or a pre-trial delay) shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial. Absent further order of the Court or any individual judge, the period of exclusion shall be from March 23, 2020, through and including February 28, 2021. The Court may extend the period of exclusion as circumstances may warrant. This Order and period of exclusion are incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies. *See Zedner v. United States*, 547 U.S. 489, 506-07 (2006). The periods of exclusion in the Court's prior orders on this subject, General Order 20-01 and its subsequent amendments, are likewise incorporated by reference as a specific finding under 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies.

SO ORDERED this  8  day of December 2020.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
CHIEF UNITED STATES DISTRICT JUDGE